# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Jonathan & Martin Corza,<br><br>               Plaintiffs,<br>   v.<br><br>Caine & Weiner Company, Inc.,<br><br>               Defendants. | Civil Action No.: 5:12-cv-00128<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Jonathan & Martin Corza, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Jonathan & Martin Corza ("Plaintiffs"), are adult individuals residing in San Antonio, Texas, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Caine & Weiner Company, Inc. ("Caine"), is a California business entity with an address of 21210 Erwin Street, Woodland Hills, California 91367-3714, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6. Jonathan Corza incurred a financial obligation in the approximate amount of $330.00 (the "Debt") to a creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Caine for collection, or Caine was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Caine Engages in Harassment and Abusive Tactics**

10. In January, 2012, Plaintiff Jonathan Corza made several attempts to contact Caine in order to pay the Debt.

11. When Plaintiff finally spoke with Manny Torres, a manager of Caine, Plaintiff informed Mr. Torres of his previous attempts to contact him.

12. Mr. Torres became hostile towards Plaintiff and stated that Plaintiff did not call Mr. Torres before and asked why Plaintiff told receptionist that he called and left a voice message.

13. Jonathan informed Mr. Torres that he was willing to pay the Debt and asked if he could settle for $250.00.

14. Mr. Torres refused to accept Plaintiff's offer and stated that the Debt would stay on Jonathan's credit report "for a long time" if Jonathan failed to pay the Debt in full by January 31, 2012.

15. Martin Corza, who overheard the conversation, took the phone and demanded why Mr. Torres spoke with his son in such harassing a tone.

16. Mr. Torres used abusive language when speaking to Martin, called him a "loser" and hung up on Martin.

17. Thereafter, Jonathan called Mr. Torres back and was connected to a receptionist.

18. The receptionist refused to identify herself, despite Plaintiff's requests.

19. Caine failed to inform Jonathan of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. **Plaintiffs Suffered Actual Damages**

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiffs a validation notice stating the amount of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiffs a validation notice informing the Plaintiffs of a right to have verification and judgment mailed to the Plaintiffs.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

35. The Defendants used abusive and profane language when speaking with the Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.302(1).

36. The Defendants called the Plaintiffs and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

37. The Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 8, 2012

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG & ASSOCIATES L.L.C.

        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: slemberg@lemberglaw.com
        Attorneys for Plaintiffs